The State v. Will.

No. 20,851.

THE STATE OF KANSAS, *Appellant*, v. JOHN WILL, *Appellee*.

SYLLABUS BY THE COURT.

1. CHILD—*Attending Private School—Not a Truant.* A child who attends a private, denominational or parochial school is not a truant.
2. SAME.— *Private, Denominational and Parochial Schools — Statutory Provisions.* The legislature has not prescribed the courses of study in private, denominational or parochial schools, nor concerned itself with such schools further than to prescribe that they must be taught by competent instructors.
3. SAME — *Parents May Send Child to Private School — No Penalty Attaches.* A parent who takes his child out of the public school and sends it regularly to a private, denominational or parochial school, "for such period as said school is in session," can not be subjected to the penalties of the truancy law.

Appeal from Harvey district court; FRANK F. PRIGG, judge. Opinion filed November 11, 1916. Affirmed.

*S. M. Brewster*, attorney-general, *John L. Hunt*, assistant attorney-general, and *L. C. Kelley*, county attorney, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The district court quashed an information which purported to charge the defendant with a violation of the truancy law. The material facts were all pleaded, and these showed that the defendant was a resident of School District No. 13, in Harvey county; that the annual school meeting had voted to have an eight months' school beginning in September, 1915; that the defendant was the parent of a child eleven years old; that in April, 1916, while the district school was in session, the defendant took his child out of the public school—

"And said defendant and parent placed said child, Henry Will, in a private school taught by a competent instructor, which said private school is taught in the German language, which said private school is of but two months' duration, but continuing up to and after the public school in said district No. 13 is dismissed for the year, and which said private school does not teach all of the branches of education and subjects required by law to be taught in a public school, in this, to-wit, that said private German school teaches only the following subjects: German reading, German grammar, German spelling, German writing, Bible history, and a small amount of arithmetic; thereby said child, Henry Will, became and was irregular in attendance at school, and thereby he became and was absent from school three or more consecutive days, and thereby he became and was habitually truant from school."

Other recitals in the information need not be quoted. · The state appeals, specifying error in sustaining the defendant's motion to quash. The appellant's brief states the question thus: .

"The contention of The State is that a private school, in order to be recognized as a private school and come within the contemplation of the statute, must be equal in all respects to a public school and must comply with all the statutory requirements prescribed for said public schools; that the intent of the legislature in creating public schools and authorizing private, parochial or denominational schools was to make education compulsory to the degree specified by law. If this contention is not correct, or substantially correct, then, perhaps, the motion to quash is good and the trial court, perhaps, should be sustained; otherwise should be reversed."

Prior to 1903 the truancy act provided:

"That every parent, guardian, or other person in the state of Kansas, having control of any child or children between the ages of eight and fourteen years, shall be required to send such child or children to a pub-

The State v. Will.

lic school or private school, taught by a competent instructor, for a period of at least twelve weeks in each year, six weeks of which time shall be consecutive, unless such child or children are excused from such attendance by the board of the school district, or the board of education of the city in which such parent, guardian or person having control resides, upon its being shown to their satisfaction that such parent or guardian was not able, by reason of poverty, to clothe such child properly, or that such child's bodily or mental condition has been such as to prevent his attendance at school or application to study for the period required, or that such child or children are taught at home in such branches as are usually taught in the public schools, subject to the same examination as other pupils of the district or city in which the child resides, or that he has already acquired the ordinary branches required by law, or that there is no school taught within two miles by the nearest traveled road." (Gen. Stat. 1901, § 6420.)

The present statute reads:

"That every parent, guardian or other person in the state of Kansas having control or charge of any child or children between the ages of eight and fifteen years, inclusive, shall be required to send such child or children to a public school, or a private, denominational or parochial school taught by a competent instructor, each school year, for such period as said school is in session: Provided, That any child of the age of fourteen years or more who is able to read and write the English language, and who is actively and regularly employed for his own support or for the support of those dependent upon him, shall not be required to attend the aforesaid schools for a longer period or term than eight consecutive weeks in any one year: Provided, That any and all children that have received a certificate of graduation from the common schools of any county or certificate of admission to a high school in any city of the state of Kansas shall be exempt from the provisions of this act: Provided, That the children who are physically or mentally incapacitated for the work of common schools are exempt from the provisions of this act; but the school authorities shall have the right, and they are hereby authorized, when such exemption under the provisions of this act is claimed by any parent, guardian, or other person in the control or charge of such child or children, to cause an examination of such child or children by a physician or physicians employed for such purpose by such authorities, and if such physician or physicians hold that such child or children are capable of doing the work in the common schools, then such child or children shall not be exempt from the provisions of this act." (Gen. Stat. 1909, § 7736.)

It will be noted that the earlier act, in specific terms, provided that the children excused from public school attendance if taught at home should be instructed "in such branches as are usually taught in the public schools, subject to the same

examination as other pupils of the district or city in which the child resides," etc.

In the later act, which obviously was for the purpose of improving the truancy law and providing means for its enforcement through truancy officers, the significant language of the earlier act concerning the course of study imposed on home-taught pupils is left out. There must have been a reason for that. The act of 1903 (Laws 1903, ch. 423, Gen. Stat. 1909, § 7736 *et seq.*) enlarges as to the kind of schools which a child may attend to excuse him from public school attendance. They may be either "private, denominational or parochial," but nothing is said as to the course of study in such schools. These schools must be taught "by a competent instructor, each school year, for such period as said school is in session." May we not assume that the legislature knew what it was about when it provided in the earlier act that if the child were taught at home it must be in the common-school branches and that the child should be subject to examination as other district and city pupils might be. This provision would serve a useful and almost necessary purpose to prevent a mere pretense of home instruction to avoid the consequences of the truancy law. In the later act, it will be observed that home instruction is no longer an excuse for nonattendance in school, but the number and kind of schools to which he may be sent are enlarged. They may be either private, denominational or parochial. The legislature may well have believed that if such schools were taught by a competent instructor the sufficiency and scope of the course of study would necessarily follow to fully qualify the child for his future duties as a citizen. The argument for the appellant, which we concede is supported by some most respectable authorities, virtually asks the court to rewrite into the present statute language which the legislature struck out when it revised the law in 1903. This we can not do.

If the conclusion here reached discloses a defect in the law which is of serious consequence to the educational work of the state the remedy lies with the legislature. Presumably this defendant's child attended the public school from September until April while the public school was in session. When the private school began its term he attended it instead of the public school. In such case the child was not a truant. So

long as his parent kept him regularly in attendance in the one school or the other, for such term as the school was in session, the truancy act, as it now reads, is satisfied. Since the legislature has refrained from exercising control over the courses of study in these private, denominational or parochial schools further than to require them to be taught by competent instructors, it is too much to ask the state's prosecuting officers or its courts to meddle with them.

The judgment is affirmed.