No. 43,506

STATE OF KANSAS, *Appellee*, v. MILDRED E. LOWRY and RAY F. LOWRY, *Appellants*.

(383 P. 2d 962)

Opinion filed July 10, 1963.

*Gale Moss*, of El Dorado, argued the cause, and was on the briefs for the appellants.

*Park McGee*, assistant attorney general, argued the cause, and *William M. Ferguson*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was a prosecution in which the defendants (appellants), Mildred E. and Ray F. Lowry, were charged with the violation of the truancy statutes (G. S. 1949, 72-4801, 4802 and 4803). Separate informations were filed against each defendant; however, by consent of the defendants the cases were consolidated, a jury was waived, and the cases as consolidated were tried to the court.

The defendants contended they were operating a private school and, therefore, were not subject to the penalty provisions of the truancy act (72-4802). The trial resulted in a conviction of each of the defendants and fines were imposed as provided by law.

From an order overruling defendants' motion for a new trial, they appeal.

The determinative issue in this case is whether or not the defendants were conducting a private school as contemplated by the provisions of the statutes relating to compulsory school attendance. The case was tried on an agreed statement of facts and submitted to the trial court. The pertinent facts are as follows:

Both defendants reside in El Dorado. They are the parents of the children here concerned. Dr. Lowry is a practicing physician in El Dorado. Mrs. Lowry is the holder of a Kansas teacher's

life certificate and had previously taught in the public schools of this state. In April 1962 the defendants became dissatisfied with the quality of instruction in the public schools in El Dorado. They commenced correspondence with various local and state officials to ascertain what arrangements could be made that would allow Mrs. Lowry to personally conduct the education of their four youngest children. In September the defendents failed to enroll their four children for classes in any regularly established public, private, denominational or parochial school.

On September 14 the superintendent of the El Dorado schools informed defendants they were violating the truancy act. The defendants responded they were operating a private school in which their children were enrolled, and were, therefore, complying with the compulsory attendance laws. This prosecution was then instituted.

The parties agreed the children were being instructed in a room converted to use as a schoolroom in the home of the defendants; that Mrs. Lowry instructed the children, following a "schedule" that was submitted to the court as an exhibit; that the classes offered were in grades 3, 4, 6 and 7; that the only children attending the school were the Lowry children, one child being in each of the grades offered, and that the converted schoolroom was about 150 square feet and was furnished with schoolroom equipment. The defendants' "schedule" of classes and courses of study submitted to the trial court shows that Mrs. Lowry taught Spanish, reading, music, arithmetic, spelling and language arts to the different grades at different times of the day. The pupils also engaged in formal exercise, flag salute and group activities.

After hearing the evidence and considering the exhibits submitted in the case, the trial court concluded defendants were not conducting a private school but were conducting a scheduled form of home training for their own children. The court also found the "schedule" of instruction was insufficient to meet the requirements of the Kansas statute.

The question raised in this case is very important to the welfare of the people of Kansas and the school systems, private, parochial and public. There has been very little legislation in this area that has become topically important in today's society.

The defendants in this case were prosecuted under the truancy act (G. S. 1949, 72-4801) which provides in pertinent part:

"That every parent . . . having control over or charge of any child who has reached the age of seven years and is under the age of sixteen years, shall require such child to attend continuously a public school or a private, denominational or parochial school taught by a competent instructor, in which all instruction shall be given in the English language only, each school year, for such period as the public school of the district in which the child resides is in session: . . ."

Section 72-4802 provides in part that any parent of a child delinquent in school attendance upon conviction of violation of any of the provisions of the act shall be deemed guilty of a misdemeanor.

The parties agreed that Mrs. Lowry meets the qualified teacher requirement of 72-4801, and no question is raised as to the English language requirement. The only question here is whether or not the Lowry children attended a private school so as to exempt the parents from the truancy act.

The legislature has neither provided a statutory definition for private, denominational or parochial schools nor prescribed a procedure for establishing such a school; however, the legislature has prescribed certain minimum curriculum requirements for all schools, public, private or parochial. G. S. 1949, 72-1103, provides in pertinent part:

"All schools, public, private or parochial, shall provide and give a complete course of instruction to all pupils, in civil government, and United States history, and in patriotism and the duties of a citizen, suitable to the elementary grades; . . ."

When the minimum course of study requirements of 72-1103 are compared with the "schedule" of instruction followed by Mrs. Lowry, it is quite apparent that Mrs. Lowry's "schedule" does not meet the statutory requirements.

To determine whether or not the defendants were operating a private school, this court will look to the purpose, intent and character of the endeavor. (47 Am. Jur., Schools, § 157, p. 414.) The defendants' school was located in their home. The only pupils were their children. The only grades offered or taught were the ones in which their children were enrolled, and, of course, the instruction did not meet the statutory requirements of 72-1103. When all the facts and circumstances are considered together, the only conclusion that can be reached is that this was not a private school conceived or promoted for the purpose of educating anyone

desiring to attend, but is really only scheduled home instruction.

Home instruction was entirely proper at one time in the history of our state (Gen. Stat. 1901, § 6420) but a later act of the legislature deleted the home instruction proviso as a reason for not attending school (Laws 1903, ch. 423, Gen. Stat. 1909, § 7736, et seq). The present truancy act (G. S. 1949, 72-4801) still omits the home instruction proviso.

In 1916 this court, in State v. Will, 99 Kan. 167, 160 Pac. 1025, affirmed the trial court's action in quashing an information charging a violation of the truancy law. The court commented that at that time the legislature had not provided for a course of study in the private, denominational or parochial schools, and concluded at page 171, "Since the legislature has refrained from exercising control over the courses of study in these private, denominational or parochial schools further than to require them to be taught by competent instructors, it is too much to ask the state's prosecuting officers or its courts to meddle with them." Following this decision, the legislature, in its 1919 session, corrected the aforementioned deficiency by exercising some control over the courses of instruction and provided for the minimum course requirements of study to be taught in all schools. (Laws 1919, ch. 257, § 2). The pertinent part of the 1919 act has been carried down to the present time and is now G. S. 1949, 72-1103, supra.

Under the statutes applicable to the instant case, we are of the opinion that any school in order to be classed as a private school must at least meet the course of instruction requirements of 72-1103, and the children must be taught by a competent instructor in the English language for the prescribed time as required by 72-4801. It is our further opinion that any parent who sends a child to a school that does not meet these sketchy requirements is subject to the penalty provisions of the truancy act. In the instant case the defendants' attempt to operate a private school resulted in mere scheduled home instruction, which is no longer an excuse for non-attendance in the schools of the types prescribed in the act.

The judgment of the trial court is affirmed.

ROBB, FATZER and SCHROEDER, JJ., dissent.